**BIG VALLEY CABLEVISION, INC., Appellant,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee, KLOC Broadcasting Co., Intervenor.**

**No. 74–1961.**

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 21, 1975.

Decided Jan. 12, 1976.

Thomas G. Shack, Jr., with whom Robert M. Foley, Washington, D. C., was on the brief, for appellant.

Julian R. Rush, Jr., Counsel, F.C.C., with whom Ashton R. Hardy, Gen. Counsel, Joseph A. Marino, Associate Gen. Counsel at the time the brief was filed, and John E. Ingle, Counsel, F.C.C., were on the brief, for appellee.

Richard Hildreth, and Vincent J. Curtis, Jr., Washington, D. C., for intervenor.

Before LEVENTHAL and MacKIN-NON, Circuit Judges, and McMILLAN,* United States District Judge for the Western District of North Carolina.

Opinion for the Court filed by Circuit Judge LEVENTHAL.

LEVENTHAL, Circuit Judge:

Big Valley Cablevision, Inc. seeks review, pursuant to 47 U.S.C. § 402(b), of

---

* Sitting by designation pursuant to 28 U.S.C. § 292(d).

orders of the Federal Communications Commission directing Big Valley to delete the "distant" signal of station KEMO–TV (channel 20, San Francisco) from carriage on cable systems in Stockton and San Joaquin, California.[1] Big Valley had been granted certificates of compliance for San Joaquin and Stockton on February 14, 1973 and April 18, 1973, respectively. Station KLOC–TV (channel 19, Modesto), the local Spanish language broadcaster, operating in the market served by the Big Valley cable systems, was fearful of the impact of duplication of its programs by KEMO–TV, which also broadcasts Spanish language programming, but its opposition to Big Valley's San Joaquin certificate was unsuccessful. However, in April and May of 1973, KLOC–TV petitioned for reconsideration of the Stockton and San Joaquin certificates, and on November 28, 1973, the Commission issued identical orders granting KLOC's petitions and ordering that appropriate certificates of compliance be issued which delete carriage of KEMO–TV. The Commission's reasoning was that KLOC was "an extremely vulnerable UHF station that has suffered continuing losses" but had enjoyed an upswing after adopting an extensive Spanish language format, and that "this hope for survival" could be destroyed by carriage of the KEMO signal.

In this case, the motions division of the court stayed the order of the Commission pending review of the merits. On oral argument of the merits, the Commission's counsel submitted that the Commission's order involved an exercise of judgment, balancing the general presumption in the interest of diversity, which permits the cable television operator to "import" foreign language broadcasts from another market, against the need to safeguard local licensees from impairment of their economic viability. Here, the local station, KLOC, is identified in the Commission's orders as one whose economic vitality depends on its Spanish programming, and that this would be undercut by petitioner's carriage of KEMO's Spanish language broadcasts.

In light of the fact that the KEMO signal covered foreign language programming other than those in the Spanish language, the court of its own motion raised the possibility at oral argument that both competing values identified by the Commission could be furthered by permitting the KEMO signal but with restrictions against carriage of broadcasts in the Spanish language, thus permitting broadcasts in Japanese, Portuguese, etc. Commission counsel responded that the Commission might well take this approach, but that petitioner had not made a request for special relief, such as is provided for in Rule 76.7. Counsel for KLOC responded to the court's question that this kind of solution has been contemplated by his client from the beginning, but efforts to work out an agreed solution had come to naught. Counsel for petitioner made it clear that his client thought it was entitled to full carriage of the KEMO signal, but indicated that petitioner might be disposed to consider such a solution, in view of the Commission's opinion and the tenor of colloquy at oral argument.

In the circumstances, the court requested that counsel for the Commission take the lead in initiating conferences to explore the possibility of an agreed solution, one that would be satisfactory to both parties and, of course, acceptable to the Commission as consistent with the public interest.

On November 17, 1975, the Commission informed the court that it had consulted with the parties on appeal and that they are agreeable to a modified Commission order to the effect that Big Valley may carry non-Spanish language programming of KEMO–TV, deleting only its Spanish language programming, and that the Commission is of the view

---

1. The relevant Commission orders, all under the caption *Big Valley Cablevision, Inc.,* are reported at 48 FCC 2d 684 (Sept. 5, 1974), 44 FCC 2d 1, 3 (Aug. 28, 1973), 40 FCC 2d 662 (April 18, 1973), and 39 FCC 2d 642 (Feb. 14, 1973).

that a modification of its previous orders along these lines would be acceptable in the public interest.

We remand the case to the Commission to enter a modified order as identified above.

*So ordered.*